IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | § | |
|    HENDERSON CNTY. JAIL NO. #2300216, | § | |
|       PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 3:24-CV-1897-K-BK |
| | § | |
| JUDGE REED O'CONNOR, | § | |
|       DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes and based on the filing restrictions previously imposed against him in the U.S. District Court for the Eastern District of Texas.

**I. BACKGROUND**

On July 23, 2024, Plaintiff Jay Williams, an inmate at the Henderson County Jail in Athens, Texas, filed a letter complaint against Judge Reed O'Connor. Doc. 2. The pleading is difficult to decipher and largely nonsensical. The main allegations are as follows:



Doc. 2 at 1.

Williams has a long and abusive filing history. The *PACER Case Locator* ("PACER") reflects that he has filed nearly 60 prisoner cases since 2023. Williams is also barred by the three-strikes provision of 28 U.S.C. § 1915(g) and is under filing restrictions in the U.S. District Court for the Eastern of Texas. *See Williams v. Mitchell*, No. 7:24-cv-097-O (N.D. Tex. July 9, 2024) (collecting prior dismissals and dismissing as barred by three strikes); *Williams v. United States Court*, No. 6:23-CV-0355 (E.D. Tex. Sep. 12, 2023) (dismissing case with prejudice under 28 U.S.C. § 1915A(b)(1), summarizing his abusive filing history, and ordering "that no new lawsuits be accepted from plaintiff Jay Williams unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case"). In an apparent attempt to evade those sanctions, Williams filed this case in the Northern District of Texas.

## II.   ANALYSIS

To the extent Williams attempts to sue Judge O'Connor, he is barred by the three-strike provision of 28 U.S.C. § 1915(g) from bringing such action *in forma pauperis* ("IFP"). *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). As noted, Williams accrued three strikes

under § 1915(g) and is subject to filing restrictions that require him to pay the filing fee. *See Williams v. Mitchell*, No. 7:24-cv-097-O (N.D. Tex. July 9, 2024); *Williams v. United States Court*, No. 6:23-CV-0355 (E.D. Tex. Sep. 12, 2023). In this case, Williams has neither paid the filing fee nor moved to proceed *in forma pauperis*. His complaint also lacks allegations of imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Consequently, to the extent that Williams seeks leave to proceed *in forma pauperis*, he is barred from doing so under § 1915(g).

### III.  IMPOSITION OF SANCTIONS

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2) & (c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Because Williams persists in filing frivolous and vexatious lawsuits, this Court should honor the sanction previously imposed against him in the Eastern District of Texas and bar him from filing future actions in this Court without first paying the filing fee or obtaining leave of court to do so.

## IV.   CONCLUSION

For all these reasons, Williams' complaint should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g) and based on the pre-filing restrictions imposed by the United States District Court for the Eastern District of Texas.

Further, the Court should order that Williams be **BARRED** from filing future actions in this Court without first paying the filing fee or obtaining leave of court to do so, and any case filed, removed, or transferred (in which he is the plaintiff) without the applicable filing fee or a motion for leave to file, should not be reviewed by the Court.

**SO RECOMMENDED** on August 30, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).